IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**GEORGE'S, INC.**                                                                             **PLAINTIFF**

    **V.**            **CASE NO. 5:20-CV-05086-PKH**

**LLOYD'S OF LONDON SYNDICATE 4000
ISSUING CERTIFICATE NUMBER CPP1877167, AND**            **DEFENDANTS**
**PEMBROKE MANAGING AGENCY**

## COMPLAINT

COMES NOW, the Plaintiff, George's, Inc. ("George's"), and for its Complaint for Declaratory Judgment and Relief, states:

### NATURE OF THE ACTION

1. This is an action seeking declaratory relief and damages for breach of contract, breach of the duty of good faith and fair dealing, statutory penalty, attorneys' fees, and bad faith concerning the interpretation, application, enforcement, and wrongful denial of Product Contamination Insurance Policy No. CPP1877167 ("the Policy") issued by Defendants Lloyd's of London Syndicate 4000 to George's. George's specifically seeks a declaration that the Policy provides coverage for all losses of George's for the incident described herein. The Policy includes a confidentiality provision requiring George's to use reasonable efforts not to disclose the existence or terms of the Policy and, therefore, is not attached hereto. Each party has a copy of the Policy and George's will provide a copy to the Court once Defendants have agreed. All capitalized terms not defined herein shall have the meaning ascribed such terms in the Policy.

1

## PARTIES

2. George's Inc. is an Arkansas corporation with its principal place of business in Springdale, Arkansas in Washington County, Arkansas.

3. Defendants are Underwriters at Lloyds of London, an unincorporated association of insurers existing under the laws of states of the United States of America other than Arkansas that sold or subscribed to, in amounts specified therein, Product Contamination Insurance Policy No. CPP1877167 issued to George's. Upon information and belief, Pembroke Managing Agency is the sole underwriter in the Syndicate 4000 of Lloyd's of London.

## JURISDICTION

4. This Court has original jurisdiction over this action because there is complete diversity of citizenship as between George's and Defendants pursuant to 28 U.S.C. § 1332, and the amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest and costs.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391, as a substantial part of the events involved in this dispute took place in this judicial district (including but not limited to: policy negotiation, discussions with brokers, payment of the policy premiums and communications between the parties regarding the claim eventually denied by Defendants) and Defendants have contractually agreed to submit to the jurisdiction of any court of competent jurisdiction within the United States pursuant to the Service of Suit Clause of the Policy.

6.     This Court is vested with jurisdiction under 28 U.S.C. § 2201 to fashion the remedy requested by George's.

## RELEVANT FACTS

### *The Insurance Policy.*

7.     Companies producing ready-to-eat ("RTE") meat and poultry products face significant risks related to potential losses and third-party claims arising from salmonella contamination of products and related government recalls. Such risks were discussed by George's with Defendants prior to the purchase of the Policy and were, in fact, the primary factor in George's decision to purchase the Policy.

8.     Defendants issued George's the Policy for the policy period from August 31, 2018, through August 31, 2019, purportedly to protect George's from and against Losses, above a significant self-insured retention, caused by incidents such as the one described herein.

9.     Insured Events under the Policy included "Accidental Contamination" and "Governmental Recall."

10.    The Policy provides limits of $10 million for each and every Loss, and in the aggregate for Accidental Product Contamination and for Governmental Recall.

11.    Accidental Product Contamination is defined by Section 3.1 in the Policy as:

> *(a) an unintentional, inadvertent error including an error in design or specification; or*

> *(b) the introduction of an ingredient or component supplied by a third party that is contaminated or unfit for its intended purpose.*
>
> *Which occurs during manufacture, blending, mixing, compounding, packaging, labelling, preparation of, instructions for use, storage or distribution of any Insured Product(s);*
>
> *Provided that the consumption or use as intended would lead to or has led to physical damage to tangible property or to bodily injury, sickness, or diseases of any person, animal or livestock which physically manifests itself within 365 days of such consumption or use.*

12. Under Section 3.9 of the Policy:

   > Insured Product(s) shall mean all product(s) including their ingredients and components once incorporated therein of the Insured that are in production or have been manufactured, packaged, contract manufactured or distributed by or to the order of the Insured, including any new product(s) of the Insured which Underwriters have accepted in writing as a new product under Section 5.1.

13. Loss, under Section 3.10 of the Policy, includes "Pre-Recall Costs, Recall Costs, Approved Consultants, Increased Costs of Working, Rehabilitation Expense, Incident Response Costs, Loss of Gross Income or Customer Loss of Profits" as further defined in Section 2 of the Policy.

14. Coverage was further defined by the Policy to include those related to a Governmental Recall, which is defined by Section 3.5 of the Policy as:

   > Governmental Recall shall mean the recall of any of the Insured Product(s) which has been initiated;
   >
   > > (a) voluntarily by the Insured as a result of a recommendation, or on the advice of the United States Food and Drug Administration, United States Food and Drug Administration, United States of Agriculture, Canadian Food

> Inspection Agency or other Regulatory Body, or
>
> (b) a mandatory recall order by a Regulatory Body,

provided both (a) and (b) above are as a result of an investigation solely in response to and as part of the governance and compliance with food safety regulations and has been classified as a Class 1 or Class II recall.

### *The Insured Event*

15. One of George's production facilities is located in Caryville, Tennessee (the "Facility"). The Facility has been owned by George's since November 2017. The Facility produces, amongst other products, RTE frozen sausage patties that are distributed throughout the United States.

16. On April 24, 2019, the United States Department of Agriculture ("USDA") notified George's of a positive salmonella test at the Facility, based on the USDA's routine monthly product testing.

17. George's immediately began an investigation and corrective actions, including "test and hold" procedures.

18. On June 10, 2019, George's realized that substantial quantities of the RTE patties were likely contaminated by salmonella and would not be released for distribution ("Date of Loss").

19. This Date of Loss was the culmination of a series of events related to an investigation of what was, prior to the Date of Loss, merely a potential contamination and loss of RTE patties produced between April and June, 2019.

20. Ultimately, based upon the information from its investigation and advice from the USDA, George's issued a Class 1 Recall and over 1 million

5

pounds of the RTE patties were condemned from the Facility's Production Line 2.

21. The RTE patties are an "Insured Product" within the meaning of Section 3.9 of the Policy.

22. This was the first and only recall event at the Facility during George's ownership.

23. George's had timely paid all premiums on the Policy, and the Policy was in full force and effect at the time of the Date of Loss.

24. George's timely notified Defendants under the applicable notice provisions of the Policy of the Loss on July 1, 2019. George's provided calculations, investigation materials, and other supporting documents to Defendants.

25. No prejudice resulted to Defendants from being notified of the Loss on July 1, 2019.

26. George's has provided all information requested by Defendants to evaluate its claim for coverage of Losses under the Policy and have requested payment of those Losses on multiple occasions.

27. Defendants refuse to honor their obligations under the Policy and have not paid any portion of the Losses sustained by George's and covered by the Policy.

28. As of May 5, 2020, George's has incurred total Losses caused by this Insured Event in the total amount of $3,040,460.86.

29. As of the date of filing, George's continues to incur expenses, including the costs of prosecuting this claim.

30. Defendants have wrongfully denied the claim and have not reimbursed George's for any Losses.

## COUNT I: DECLARATORY JUDGMENT AND RELIEF

31. George's re-alleges, re-avers and incorporates each of the foregoing paragraphs into this Section of the Complaint.

32. An actual dispute exists between the parties to this action as to George's rights, and Defendants' obligations, under the Policy.

33. George's seeks a judicial declaration that Defendants owe coverage to the full limits of the Policy because the events described herein constituted an Insured Event under the Policy, in that it was an Accidental Product Contamination and for Governmental Recall and there is no proper exclusion to be applied herein.

34. Defendants have improperly denied coverage in this matter.

## COUNT II: BREACH OF CONTRACT

35. George's re-alleges, re-avers and incorporates each of the foregoing paragraphs into this Section of the Complaint.

36. Defendants have breached their insuring obligations to George's under the Policy by their wrongful denial of coverage and failure and refusal to fulfill their obligations to pay or reimburse George's to the full limits of coverage under the Policy.

37. As a direct and proximate cause of the Defendants' breaches of contract, which are continuing to at least through the date of this Complaint, Defendants have deprived George's of the benefit of the insurance coverage for which Defendants were paid premiums in the amount of at least $3,040,460.86. George's is entitled to this amount and to all amounts allowable under the applicable law.

**COUNT III: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

38. George's re-alleges, re-avers and incorporates each of the foregoing paragraphs into this Section of the Complaint.

39. In addition to the express terms of a contract, the law implies a promise between the parties that they will act in good faith and deal fairly with one another in performing and enforcing their obligations under the contract.

40. Defendants understood that the incidents such as the one described herein was precisely the type of risk against which George's was seeking protection when purchasing the Policy.

41. Defendants marketed the Policy to George's as the appropriate insurance product for responding to incidents such as the one described herein and has collected premiums in exchange for "coverage" which is now illusory if Defendants' interpretation of the Policy is sustained.

42. Defendants have breached their duty of good faith and fair dealing by wrongfully denying coverage and using tactics designed to delay or avoid paying for the Loss owed to George's under the Policy.

## COUNT IV: STATUTORY PENALTY AND ATTORNEYS FEES

43. George's re-alleges, re-avers and incorporates each of the foregoing paragraphs into this Section of the Complaint.

44. Defendants had a reasonable time to conduct any necessary investigation subsequent to George's demand.

45. Despite this reasonable opportunity and the clear language of the Policy, Defendants have unreasonably denied the claim and failed to pay out.

46. George's is due an additional 12% of the total damages due to Defendants' denial under Ark. Code. Ann. § 23-79-208.

47. George's further seeks its attorneys' fees under Ark. Code. Ann. § 23-79-208, Ark. Code Ann. § 16-22-308, and as otherwise allowed by contract or law.

## COUNT V: BAD FAITH

48. George's re-alleges, re-avers and incorporates each of the foregoing paragraphs into this Section of the Complaint.

49. George's has complied with the demands of Defendants, including providing them access to George's investigation into the Insured Event, supporting documents for the Loss calculations, and complying with their demands.

50. The Policy is designed specifically to cover losses such as those caused by the Insured Event.

51. Despite the documentation and the language of the Policy, Defendants have intentionally misconstrued basic facts of the Insured Event to wrongfully deny the Loss. Defendants' behavior was dishonest, malicious, and oppressive and done in an attempt to avoid its liability under the Policy.

52      As the proximate cause of Defendants' bad faith behavior, George's suffered damages as stated herein.

53.     George's is entitled to punitive damages for Defendants' bad faith conduct.

## JURY DEMAND

54.     George's respectfully demands a 12-person jury in any trial of this case on the issues so triable.

## WHEREFORE CLAUSE

WHEREFORE, as previously stated above, George's respectfully asks that the Court enter judgment in its favor as follows:

A.  Against Defendants for
    a.  A declaration that the Policy provides coverage for all losses of George's for incident described herein
    b.  An amount to be determined at trial, but at least $3,040,460.86;
    c.  12% statutory penalties;
    d.  its costs;
    e.  its attorneys' fees;
    f.  pre-judgment interest;
    g.  post-judgment interest
    h.  punitive damages for bad faith conduct; and
B.  For all other relief, at law or in equity, to which the George's is entitled.

*Respectfully submitted,*

<u>*/s/ Robert W. George*</u>
Robert George (98134)
FRIDAY, ELDREDGE & CLARK, LLP
3550 South Pinnacle Hills Pkwy, Suite 301
Rogers, Arkansas 72758
T: (479) 695.2117
rgeorge@fridayfirm.com

<u>*/s/ Jamie Huffman Jones*</u>
Jamie Huffman Jones (2003125)
FRIDAY, ELDREDGE & CLARK, LLP
400 W. Capitol Ave., Suite 2000
Little Rock, Arkansas 72201-3522
T: (501) 370.1430 |F: (501) 376.2147
jjones@fridayfirm.com


*Attorneys for George's, Inc.*

11